UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-673-FDW-DCK

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| DIANNE M. CARTER | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss Counterclaim. (Doc. No. 6). Because Defendant appears *pro se*, the Court issued a Roseboro notice (Doc. No. 7) informing Defendant of the burden she carries in responding to the Government's motion. Defendant responded (Doc. No. 8), and this matter is now ripe for review.[1] For the following reasons, the Court GRANTS the United States' Motion to Dismiss.

## I. BACKGROUND

The United States brought this action against Defendant under 26 U.S.C. ("I.R.C.") §§ 7402, 7407, and 4708, seeking to enjoin Defendant from preparing or otherwise assisting in preparing federal tax returns. The Complaint alleges that Defendant prepares federal tax returns that overstate her clients' tax withholdings in order to claim massive refunds to which those clients are not entitled.

---

[1] Defendant appears to assert that the United States did not serve her with a copy of its motion; however, the United States included a Certificate of Service with its motion indicating that it served its motion by U.S. mail on February 1, 2017.

In her Answer, which Defendant titles "Jurisdiction Challenge," "Counterclaim," "Notice of Appointment of Trustee,"[2] and "Writ of Prohibition for Usurpation of Power," Defendant essentially contends that the Court lacks jurisdiction over her and that the Government failed to provide proof of its allegations. She also appears to assert a counterclaim challenging actions taken by the Internal Revenue Service ("IRS") with respect to a tax debt. (Doc. No. 5). Specifically, Defendant alleges that she received an IRS Notice CP49 regarding a purported debt owed for the 2008 tax year. On that allegation alone, she "demands" that the United States provide:

1. Proof of a claim that Consumer[3] owes this debt;
2. Proof that IRS was licensed to make offers based on arbitrary estimations;
3. Proof of a valid assessment;
4. Proof of a True Bill in Commerce being bookkeeping/accounting, with every entry established, certified and sworn on the responsible party's commercial liability as true, correct, and complete, not meant to mislead; containing a one-to-one correspondence between and item or service purchased or offenses committed and the corresponding debt owed;
5. Proof of the foundational instrument with Consumer's signature on it.

She demands "treble money damages" in addition to an injunction enjoining the IRS from contacting her and ordering it to post an apology to her on its website and send a "letter or release of lien, levy, or whatever they may have termed it." (Doc. No. 5). The counterclaim is purportedly against the United States and its employees in their official and individual capacities.[4]

---

[2] Defendant purports to give the Court notice of the appointment of Chief Judge Frank D. Whitney as trustee of this case. (Doc. No. 5, p. 1).

[3] Defendant objects to her classification as "Defendant," "Counterclaim Plaintiff," "pro se," or "his," and instead calls herself "Consumer." (Doc. No. 8, p. 2). This is part of her overarching argument that the Court lacks jurisdiction over her person, as the "Authorized Representative for DIANNE M. CARTER." (Doc. No. 5, p. 3).

[4] At a minimum, Defendant appears to bring claims against the United States, Jill Rose (United States Attorney for the Western District of North Carolina), Carolina D. Ciraolo (former Principal Deputy Assistant Attorney General), Ryan O. McMonagle (a Trial Attorney for the Tax Division of the U.S. Department of Justice), the IRS, and John Koskinen (IRS Commissioner).

## II.     ANALYSIS

The Government filed a Motion to Dismiss Defendant's counterclaims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). "The existence of subject matter jurisdiction is a threshold issue, which the court must address before considering the merits of [the case]." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The party seeking to invoke the jurisdiction of the court has the burden of establishing the existence of jurisdiction. Id.

"A suit to recover damages against the United States without its consent is barred by the doctrine of sovereign immunity," Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *4 (M.D.N.C. Apr. 3, 2013) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983), and a waiver of immunity must be "unequivocally expressed" in an act of Congress, United States v. Mitchell, 445 U.S. 535, 538 (1980). Absent a clear waiver, the Court lacks jurisdiction over the claims or, in this case, the Counterclaim against the Government. Id. In addition, a suit brought against a government official in his official capacity should "be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A party] seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").

Here, Defendant has not demonstrated that the United States has waived its sovereign immunity and consented to jurisdiction over her counterclaim. Indeed, Defendant does not, and cannot, identify a statute permitting a taxpayer to sue the United States for "proof," and contrary to Defendant's assertion, the Government did not waive its sovereign immunity by bringing claims against her. See Fed. R. Civ. P. 13(d) ("These rules do not expand the right to assert a counterclaim--or to claim a credit--against the United States or a United States officer or agency.").

Accordingly, because the Court lacks subject matter jurisdiction over Defendant's counterclaim, the Government's Motion to Dismiss is GRANTED.[5] Consequently, the Court need not address whether Defendant failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Additionally, in her Response to the United States' Motion to Dismiss, entitled "Petition in the Nature of a Motion, Amended Counterclaim, Amended 3rd parties," Defendant included a "Petition for Dismissal of Plaintiff's Complaint" in which she argues that the Court lacks jurisdiction over her because the Government failed to provide proof of its claims. Defendant's argument, however, is misplaced because the Government is not required to present admissible evidence with its Complaint or prove allegations at this stage. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Defendant further asserts that she is not "subject to the codes, rules, and regulations created by our various levels of government" and that jurisdiction for her counterclaim is "conferred by God." Both of these arguments are patently frivolous. See United States v. Burris, 231 F. App'x 281, 282 (4th Cir. 2007) ("Federal district courts retain original jurisdiction over offenses against the laws of the United States."). Accordingly, to the extent Defendant's Response could be construed as a motion to dismiss the United States' underlying action, Defendant's motion is DENIED.

---

[5] For the reasons stated in the Government's brief (Doc. No. 6-1), Defendant's counterclaim is also barred by the Tax Anti-Injunction Act because it is a suit to restrain the assessment or collection of taxes. See 26 U.S.C. § 7421 ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."). Likewise, the Court lacks subject matter jurisdiction because Defendant failed to plead facts to support either an injury in fact or redressability, which are "integral component[s] of the case or controversy" requirement of establishing standing to bring an action. CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011).

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that the United States' Motion to Dismiss Counterclaim (Doc. No. 6) is GRANTED, and to the extent Defendant's Response (Doc. No. 8) includes a motion to dismiss the Government's claims against her, Defendant's motion is DENIED.

IT IS SO ORDERED.

Signed: March 13, 2017

Frank D. Whitney
Chief United States District Judge