UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00673-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| DIANNE M. CARTER, Individually and Doing Business As Carter Sensible Tax Service | ) ORDER |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Memorandum in Support (Doc. No. 12-1). For the reasons stated below, the Court has determined that Plaintiff's Motion for Summary Judgment (Doc. No. 12) should be GRANTED, and that a permanent injunction should be entered against Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

Plaintiff, the United States, filed this action on September 16, 2016, seeking to enjoin Defendant, Dianne Carter, from preparing both individual tax returns (IRS Form 1040) and trust income tax returns (IRS Form 1041). (Doc. No. 12-1, p. 3). Plaintiff alleges that Defendant inappropriately claims tax refunds for her customers based on inflated or falsified income and withholdings. Id. Defendant allegedly fabricates two types of returns: (1) Form 1040 returns on behalf of prisoners of Nash Correctional Facility that assert fictitious "wages" and "withholdings" in order to claim tax refunds to which they are not entitled; and (2) Form 1041

1

returns on behalf of trusts that irrationally report no income yet hundreds of thousands of dollars in tax withholdings, improperly claiming refunds based on these fictitious withholdings. Id.

On August 11, 2017, Plaintiff filed a motion for summary judgment on its claim for permanent injunction pursuant to 26 U.S.C. §§ 7407, 7408, and 7402(a). On August 22, 2017, Defendant filed a "PETITION in the nature of a MOTION to dismiss this frivolous claim under Rule 12(b)(6) for want of standing," in which she asserted that Plaintiff was an "artificial, corporate fiction" attempting to "usurp unalienable Rights and subject [Defendant] to Plaintiff's will, which is slavery." (Doc. No. 13, p. 1). Defendant submitted her final filing on September 9, 2017, in which she again failed to address the merits of Plaintiff's claims against her. (Doc. No. 15, p. 1). Defendant has not substantively responded in any form to the arguments raised in the Government's motion for summary judgment.

## FACTUAL FINDINGS

Defendant is a tax preparer who operates Carter Sensible Tax Service. (Doc. No. 12-2, p. 1). Between the years 2011 and 2014, the Internal Revenue Service ("IRS") reviewed sixty-three tax returns prepared by Defendant, finding thirty of these returns to contain evidence of improper conduct. Id. at 2. Of these thirty returns, five were prepared on behalf of purported trusts. Id. at 3. The other twenty-five were prepared on behalf of inmates at Nash Correctional Institution, a prison in Nashville, NC. Id. Utilizing a Form 4852, Defendant prepared inmate returns with entirely fabricated income and withholdings, accompanied by supporting documents containing fictitious wage calculations and other falsified information. Id. at 6. The inmate returns claimed refunds ranging from $7,924 to $19,996. Id. at 3. The trust returns claimed even larger refunds, ranging from $750,000 to $8,035,560, despite reporting no income. Id. at 4.

2

Defendant also failed to physically sign any of the inmate returns and even omitted her preparer identification from six returns. Id.

All twenty-five inmate returns and the five trust returns were rejected by the IRS for asserting frivolous and unreasonable tax positions. Id. at 3. On one occasion, a trust return, prepared by Defendant, generated an erroneous $750,000 refund. Id. at 12. Only after initiating a collection action against the fiduciary of the trust did the IRS recover this money. Id. The IRS has incurred over $23,000 in administrative costs investigating Defendant's conduct. Id. at 12.

## ANALYSIS

### A. Standard of Review

#### i. Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if the evidence is sufficient for a reasonable trier of fact to find in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those facts identified by the controlling law as essential elements of the claims asserted by the parties. Id.; Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

#### ii. Standard of Relief under 26 U.S.C. §§ 7402, 7407, and 7408

While a typical remedy of permanent injunctive relief must satisfy traditional equitable factors, an injunction "may issue without resort to the traditional equitable prerequisites if a statute

expressly authorizes the injunction." United States v. Renfrow, 612 F. Supp. 2d 677, 685 (E.D.N.C. 2009) (quoting Abdo v. IRS, 234 F.Supp.2d 553, 564 (M.D.N.C.2002), aff'd, 63 Fed.Appx. 163 (4th Cir.2003)). Sections 7402, 7407, and 7408 all authorize injunctive relief when specified prohibited conduct occurs. In this case, as discussed below, the undisputed facts demonstrate that such conduct has occurred.

**B. I.R.C. § 7407**

Section 7407 of the Internal Revenue Code ("I.R.C") states that if a tax return preparer engages in any conduct subject to penalty under Section 6694 or 6695, injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7407(b). Section 6694 penalizes tax return preparers who knowingly understate a taxpayer's liability. 26 U.S.C. § 6694. Section 6695 penalizes tax return preparers who fail to sign or furnish their identifying number with respect to any tax return. 26 U.S.C. § 6695. This Court agrees that the undisputed facts show that Defendant repeatedly violated Sections 6694 and 6695.

As stated above, Defendant submitted twenty-five inmate returns and five trust returns that were subsequently rejected by the IRS. (Doc. No. 12-2, p. 4). These returns not only claimed refunds based on withholdings and income that did not exist, the supporting documents that were submitted with the returns also contained fabricated information. Id. at 4-5. Furthermore, Defendant failed to identify herself by signature or identification number in several of these contrived filings. Id. Such conduct is in clear violation of Sections 6694 and 6695.

**C. I.R.C. § 7408**

Section 7408 authorizes the implementation of an injunction to prevent the recurrence of conduct penalized under Section 6701. 26 U.S.C. § 7408(b)-(c). Section 6701 imposes a penalty on any person:

4

>    (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other documents,
>
>    (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
>
>    (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,

26 U.S.C. § 6701(a).

This Court finds that Defendant violated Section 6701 by preparing tax returns claiming income and withholdings based on false information supplemented with false supporting documents. Defendant knew the prepared returns were inaccurate. The facts demonstrate that Defendant willfully assisted her clients in inappropriately understating their tax liabilities with the hopes of receiving artificially inflated tax refunds. Section 6701 unambiguously prohibits such conduct.

**D. I.R.C. § 7402**

In addition to the injunctions sought under Section 7407 and 7408, the Government also seeks an injunction pursuant to Section 7402. This statute grants authority to the Court to issue an injunction to enforce the internal revenue laws. 26 U.S.C. § 7402(a). Such injunction under Section 7402 can be entered "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." Id. As already stated and discussed above, Defendant's conduct is in clear violation of multiple internal revenue laws.

**E. Government's Entitlement to Injunctive Relief**

While Defendant's conduct is prohibited and punishable under Sections 7402, 7407, and 7408, before enjoining Defendant, the Court must find that injunctive relief is "appropriate to

prevent the recurrence of such conduct." 26 U.S.C. §§ 7407(b)(2), 7408(b)(2). To determine whether an injunction is "appropriate," courts weigh five factors:

> (1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such transactions; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations.

United States v. Heggins, 240 F. Supp. 3d 399, 407 (W.D.N.C. 2017) (citing Abdo v. IRS, 234 F.Supp.2d 553, 565 (M.D.N.C.2002), aff'd, 63 Fed.Appx. 163 (4th Cir.2003)). Consideration of these factors here establishes that an injunction is necessary.

### i. Gravity of Harm

Defendant's conduct has resulted in serious harm to the United States not only in the form of understatements of liability but also from the time and funds expended by the IRS to investigate these fraudulent filings. As mentioned above, the United States has already incurred at least $23,000 in investigation costs and anticipates that those costs will only increase. (Doc. No. 12-1, p. 8). This conduct not only costs the Government time, money, and resources, it interferes with the Government's ability to properly function and administer the internal revenue laws.

### ii. Extent of Carter's Participation and Degree of Scienter

Of the sixty-three tax returns prepared by Defendant that the IRS reviewed between 2011 and 2014, thirty contained fraudulent information. (Doc. No. 12-2, p. 3). The fact that many filings were filled out correctly demonstrates that these thirty fraudulent filings were not a product of ignorance nor incompetence, rather these filings were executed with scienter in an attempt to claim refunds to which Defendant knew her clients were not entitled.

### iii. Recurrent Nature of Infraction

Defendant's conduct took place over the course of four years. During this time she prepared over thirty legally frivolous returns with numerous and repeated violations of the internal revenue code.

### iv. Carter's Recognition of Culpability

The record contains no indication that Defendant has ever shown remorse or even acknowledged her conduct as unlawful. Rather, she continues to assert frivolous tax defier arguments while refusing to recognize the authority of federal law.

### iv. Sincerity of Assurances against Future Violations

Defendant's lack of remorse and refusal to acknowledge her conduct as unlawful indicates that she is not likely to conform her behavior to the statutory requirements. It is clear that Defendant has demonstrated a deceitful pattern of violating the laws of the I.R.C. in the past, and there is no indication that she will not continue to do so in the future. Penalties and administrative measures have been and would continue to be insufficient to deter her behavior.

For the foregoing reasons, the Court concludes that an injunction is appropriate and necessary to prevent recurrence of Defendant's unlawful conduct.

## PERMANENT INJUNCTION

Based upon the foregoing findings of fact and conclusions of law, the Court enters the following permanent injunction under Rule 65 of the Federal Rules of Civil Procedure and 26 U.S.C. §§ 7402, 7407, and 7408, against Dianne Carter, her business(es), including but not limited to Carter Sensible Tax Service, and anyone in active concert with them.

NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED THAT:

1. Defendant Dianne M. Carter ("Carter") and her representatives, agents, employees, attorneys, independent contractors, and any and all persons in active concert or participation with them who receive actual notice of this Order and Judgment for Permanent Injunction, are permanently enjoined under 26 U.S.C. §§ 7402 and 7407 from:
    a. Acting as a federal income tax return preparer and from preparing or filing any federal tax return, amended tax return, or other federal tax documents or forms for any person or entity or otherwise representing customers before the Internal Revenue Service ("IRS");
    b. Advising, assisting, counseling, or instructing anyone about the preparation of a federal tax return or other related documents or forms;
    c. Representing, or appearing on behalf of, any person before the Internal Revenue Service;
    d. Engaging in any activity subject to penalty under 26 U.S.C. § 6694;
    e. Engaging in any conduct subject to penalty under 26 U.S.C. § 6695, including, but not limited to preparing tax returns while failing to disclose that she prepared or assisted in preparing tax returns.
2. Carter is enjoined under 26 U.S.C §§ 7402, and 7408 from:
    a. Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;
    b. Engaging in activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a federal tax return, amended return, refunded claim, or any other document relating to a matter material under the

internal revenue laws that includes a position that Carter knows will, if used, result in the understatement of another person's federal tax liability;

   c. Engaging in any other conduct subject to penalty under the Internal Revenue Code; and

   d. Misrepresenting any of the terms of this Order and Judgment of Permanent Injunction.

3. Carter shall contact, within 30 days after the entry of this Order and Judgment of Permanent Injunction, by United States mail and, if an email address is known, by email, all persons, to the extent that the identities and locations of such persons are within the possession, custody, or control of Carter, for whom she prepared, or assisted in preparing, federal tax returns to inform them of the permanent injunction entered against her.

4. Carter shall provide to counsel for the United States, within 30 days after the entry of this Order and Judgment of Permanent Injunction, a complete list of the persons, to the extent such a list is within possession, custody, or control of Carter, for whom Carter has prepared or assisted in preparing any federal income tax return, amended return, or refund claim at any time from January 1, 2010 through the present, with such list to include for each person the name, address, phone number, email address, social security number, employer identification number, or individual tax identification number, and the tax period(s) to which or for which each such return, amended return, or refund claim relates.

5. Carter shall file with the Clerk of this Court, within 60 days after the entry of this Order and Judgment of Permanent Injunction, a sworn certificate of compliance, signed under penalty of perjury, stating that he has complied with the foregoing directive.

6. The United States may engage in post-judgment discovery to ensure compliance with this Order and Judgment of Permanent Injunction.

7. This Court shall retain jurisdiction over this civil action to enforce Carter's compliance with the terms of this Order and Judgment of Permanent Injunction.

8. The United States may provide actual notice of this permanent injunction entered in this action by mailing a true and correct copy thereof to the defendant, Dianne M. Carter, by registered or certified mail, return receipt request, and by filing a certificate of service that certified the United States' compliance with this provision.

IT IS, THEREFORE, ORDERED that the Government's Motion for Summary Judgment (Doc. No. 12) is GRANTED, and a permanent injunction is entered against Defendant as set forth above.

IT IS SO ORDERED.

Signed: October 2, 2017

Frank D. Whitney
Chief United States District Judge