# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:16-cv-00673-FDW-DCK

| | |
|---|---|
| United States of America, ) | |
|       Plaintiff, ) | |
| vs. ) | **ORDER** |
| Dianne M. Carter, ) | |
|       Defendant. ) | |

THIS MATTER is before the Court on Defendant's "Motion to Vacate Bench Warrant Issued, Order on Motion for Order to Show Cause, and Order on Motion for Miscellaneous Relief." (Doc. No. 37). It is unclear what legal mechanism Defendant is relying upon to make this motion, however, this Court will construe the Defendant's Motion as a Motion for Relief from a Judgment or Order under Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60 (b). For the reasons stated below, Defendant's motion with respect to all three orders is DENIED.

## Background

Defendant was a tax preparer who operated Carter Sensible Tax Service. (Doc. No. 12-2, p. 1). In 2014, the Internal Revenue Service ("IRS") reviewed sixty-three tax returns prepared by Defendant between 2011 and 2014 and found that thirty of these returns had evidence of improper conduct. Id. at 2. Twenty-five of these returns were fraudulent federal income tax returns prepared for inmates at Nash Corrections Institution. Id. at 4. The returns were based on entirely fabricated incomes and withholdings, id. at 6, and claimed refunds ranging from $7,924 to $19,996. Id. at 3; (see, e.g., Doc. No. 12-3, p. 2). Five of the tax returns reviewed by the IRS were prepared on behalf of purported trusts. (Doc. No. 12-2, p. 3). These returns listed no income for the "trusts," id. at 5, yet claimed refunds ranging from $750,000 to $8,035,560. Id. at 3.

The IRS rejected refunds in all but one of these improperly prepared tax returns. Id. at 12. However, the IRS mistakenly issued a $750,000 refund to one of the purported trusts. Id. at 11–12. To recover this refund, the IRS took a collections action against the fiduciary of the trust and was able to recover $749,949.10. Id. at 12. As a consequence of investigating Defendant's fraudulent activities, the IRS has accrued at least $23,000 in administrative costs. Id. On September 16, 2016, the United States filed a complaint with this Court primarily seeking an injunction to stop Defendant from acting as a tax preparer and filing any other tax returns on behalf of others.

**Procedural History**

On October 2, 2017, this Court issued an order granting the United States's Motion for Summary Judgment. (Doc. No. 16). In this order, the Court ordered Defendant to permanently cease acting as a federal income tax return preparer in any capacity. In addition, the Court ordered Defendant to notify, by November 1, 2017, all persons whom she prepared, or assisted in preparing, federal tax returns to inform them of the permanent injunction entered against her. Defendant was also ordered to provide counsel for the United States, by November 1, a list of all persons that Defendant had prepared a federal income tax return, amended return, or refund claim since January 1, 2010. Finally, Defendant was ordered to file with the Clerk of this Court a sworn certificate of compliance by December 1, 2017.

As of December 21, more than two months after the Court's order, counsel for the United States still had not received the list of individuals for whom Defendant had prepared tax returns and the Clerk of Court had not received Defendant's sworn certificate of compliance. As a result, this Court issued an Order to Show Cause on December 21 and ordered Defendant to appear at a show cause hearing on Friday, January 5, 2018 at 2:00PM.

Defendant did not appear at the January 5 hearing and this Court found Defendant to be in civil contempt of court for failing to comply with this Court's October 2 order. This Court issued a bench warrant for Defendant's arrest. U.S. Marshals and local law enforcement attempted to execute this warrant on January 9, 2018. (Doc. No. 29-2, p. 2). A team of six U.S. Marshals and three local law enforcement officers knocked on Defendant's door for about forty-five minutes. Id. No one answered, but the arrest team observed lights turning on and off inside the house and Defendant's two cars parked inside the garage. Id. Since the arrest team was unable to retrieve Defendant from her house, the United States made a motion for miscellaneous relief to clarify whether or not reasonably necessary acts or force could be used to arrest Defendant. This Court granted this motion on January 25, 2018 and ordered the U.S. Marshals to take all reasonable actions to execute the bench warrant. Defendant was later taken into custody by the U.S. Marshals. When arrested, Defendant was carrying her passport and around $16,000 in currency. (Doc. No. 36, p. 44).

## **Legal Standard**

Under Rule 60 of the Federal Rules of Civil Procedure, upon motion, a court may relieve a party

> from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud . . . misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The movant has the burden of showing that relief under Rule 60(b) is warranted. See Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). "[O]nly truly

extraordinary circumstances will permit" a party to prevail under the "any other reason clause of § 60(b)." Liljeberg v. Health Servs. Acquisition Corp., 468 U.S. 847, 873 (1988).

## Discussion

Defendant now moves for relief from three separate orders from this Court: Order on Motion for Order to Show Cause (Doc. No. 25), Bench Warrant (Doc. No. 28), and Order on Motion for Miscellaneous Relief (Doc. No. 30).

    a. Defendant's Motion for relief from the Order to Show Cause is denied.

Defendant has had a history of not following this Court's orders in this case. On October 2, 2017, this Court ordered Defendant to turn over to counsel for the United States a list of all persons whom she prepared or assisted in preparing tax returns for since 2010. This order had a clear thirty-day deadline. Furthermore, this Court ordered Defendant to notify her clients of the injunction within thirty days and submit a sworn certification to the Clerk of Court that she had complied with the Court's order within 60 days. Defendant took no meaningful steps to comply with the Court's orders, did not contact the Court to explain any problems with compliance, and did not seek any extension of these deadlines. Defendant appealed this order on November 28 to the Fourth Circuit Court of Appeals. However, neither this Court nor the Fourth Circuit issued a stay of the implementation of the October 2 order pending appeal.

Thus, Defendant was under a continuing obligation to comply with this Court's October 2 order. When it became clear to this Court that Defendant was not complying with the order, this Court issued an Order to Show Cause on December 21 to bring Defendant before the Court to explain why she was not obeying the Court's order. There was no mistake in this Court's order and Defendant has shown no other reason under Rule 60 for relief from this Order. Furthermore,

a show cause hearing has already happened in this case with respect to this order on February 26, 2018. Thus, Defendant's motion for relief from this order is both invalid and moot.

Defendant argues that this December 21 order should be set aside because it did not comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 37, p. 1). Defendant argues that this order should be set aside according to Rule 12(b)(5). Rule 4 governs the service procedures of a summons and a civil complaint, not a court order. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Similarly, Rule 12(b) applies to defenses with regards to pleadings, not court orders. Fed. R. Civ. P. 12(b). These rules do not govern court orders once litigation has been commenced. Thus, these cited rules do not provide a basis for granting relief from this Court's Order to Show Cause.

Defendant's Motion for relief from this Court's December 21 order to show cause is DENIED.

    b. Defendant's Motion for relief from the bench warrant is denied.

This Court ordered Defendant to appear before the court on January 5, 2018. Defendant did not appear in court on that date and had not notified the Court of her absence or any attempts to comply with the Court's previous orders. At this hearing, United States' counsel informed this court of the numerous attempts to serve Defendant at her house with the Order to Show Cause. As a result of Defendant's complete noncooperation, this Court found Defendant to be in contempt of court and executed a bench warrant to procure Defendant's presence. This bench warrant was issued due to Defendant's own failures to comply with the Court's orders. It was not mistakenly issued and Defendant has shown no reason why this Court should grant relief. In addition, this warrant has already been executed, thus Defendant's Motion is both invalid and moot.

Defendant's Motion for relief from the bench warrant is DENIED.

c. Defendant's Motion for relief from the Order on Motion for Miscellaneous Relief is denied.

A team of nine law enforcement officers attempted to execute this Court's Bench Warrant at Defendant's house. Defendant's two cars were in the garage and law enforcement observed lights turning off and on in the house while they knocked for forty-five minutes. Despite these efforts, they were unable to get Defendant to make an appearance at the door. As a result, this Court issued an order on January 25, 2018 authorizing the U.S. Marshals' Service to take any reasonable actions, including the reasonable use of force, in executing the Court's bench warrant. There was no mistake in issuing this order. Furthermore, Defendant's motion is moot since the bench warrant was later executed and Defendant was arrested. Therefore, Defendant's motion for relief from this order is DENIED.

## **Conclusion**

For the foregoing reasons, Defendant's "Motion to Vacate Bench Warrant Issued, Order on Motion for Order to Show Cause, and Order on Motion for Miscellaneous Relief" is DENIED.

IT IS SO ORDERED.

Signed: September 13, 2018

Frank D. Whitney
Chief United States District Judge