UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00673-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIANNE M. CARTER, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant's "Jurisdictional Challenge." (Doc. No. 40). The Court construes Defendant's filing as yet another motion for relief from this Court's previous orders. In her filing, Defendant argues that this Court did not have personal or subject matter jurisdiction when the Court issued a show cause order, bench warrant, and subsequent order to facilitate execution of that warrant. (Doc. No. 40, p. 1). Defendant's motion is DENIED for the reasons stated below.

The Court has subject matter jurisdiction in this matter. According to 28 U.S.C. § 1343, "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions . . . commenced by the United States . . . ." 28 U.S.C. § 1343. In addition, this Court is explicitly authorized to issue injunctions regarding tax filings under the Internal Revenue Code. See 26 U.S.C. § 7402(a) ("The district courts of the United States . . . shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the

1

internal revenue laws."); see also 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .").

Here, this case was filed by the United States seeking an injunction to keep Defendant from filing fraudulent tax returns. Thus, the Court had subject matter jurisdiction to decide this case, enjoin Defendant from preparing more tax returns, and order Defendant to turn over a list of names of individuals that she had prepared tax returns for on October 2, 2017. (Doc. No. 16). After two months, Defendant showed no indications of compliance with the Court's order and the Court ordered Defendant to appear before this Court to explain her noncompliance. This Order to Show Cause was mailed to Defendant on December 21, 2017. In addition, the United States attempted multiple times to personally serve Defendant with the Show Cause Order. When Defendant failed to show at this hearing, *or make any other indications that she would comply*, the Court issued a bench warrant pursuant to its authority under 18 U.S.C. § 401. See 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . ."). These orders were all made under the Court's valid exercise of statutory and constitutional authority.

This Court also has personal jurisdiction over Defendant. Defendant was served with the initial summons in this case and admits to being a domiciliary of North Carolina.[1] (Doc. No. 5, p. 3). See Fed. R. Civ. P. 4(k) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ."). Defendant argues that she never received

---

[1] Defendant has also waived any objections to insufficient service of process by failing to raise the issue in her earlier Motion to Dismiss. (See generally Doc. No. 7; see also Fed. R. Civ. P. 12(h) (stating that Rule 12(b)(2)-(b)(5) defenses are waived if the party fails to make it in a motion)).

personal service of this Court's Show Cause Order, and thus, this Court lacked personal jurisdiction over her to issue a bench warrant. However, the Defendant is not entitled to personal service of every single document in litigation; rather, this Court's personal jurisdiction over her attached when she was served with the complaint and summons in this case. The Clerk of Court mailed Defendant a copy of the Show Cause Order upon its entry on December 21. In the Show Cause Order, the Court did give directions to serve the order in accordance with Rule 4(e), (Doc. No. 25, p. 1–2), but these directions were merely additional attempts to compel Defendant's presence before this Court. The fact this order was not personally served on Defendant does not excuse Defendant from her refusal to follow the Court's orders for over two months and certainly does not strip the Court of personal jurisdiction over her.

For these reasons, and for the reasons stated in this Court's previous order dated September 14, 2018, Defendant's current motion for relief is DENIED. This is now Defendant's third frivolous filing regarding these same issues. (See Doc. Nos. 37, 39, 40). **Defendant is hereby put on notice that these filings are frivolous and in violation of Rule 11(b) of the Federal Rules of Civil Procedure. Future frivolous filings will result in the Court ordering sanctions to deter further misconduct.**

IT IS SO ORDERED.

Signed: November 13, 2018

Frank D. Whitney
Chief United States District Judge